UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

September 12, 2022

LETTER TO COUNSEL

**Re: *Tiffany M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*, Civil No. AAQ-21-2284**

Dear Counsel:

On March 18, 2022, Tiffany M. (Plaintiff) petitioned this Court to review the Social Security Administration's (SSA's) final decision to deny her claim for disability insurance financial assistance under Title II of the Social Security Act. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 15, 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. § 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, vacate the ALJ's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

I.      **The History of This Case**

Plaintiff filed her claim for financial assistance on July 13, 2018, alleging a disability onset date of January 3, 2017. ECF No. 9-3, at 12. Plaintiff was issued an initial denial of disability insurance financial assistance on December 19, 2018, and her subsequent Request for Reconsideration was likewise denied. *Id*. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which took place telephonically on March 3, 2021. *Id*. Following that hearing, the ALJ determined Plaintiff did not have a disability within the meaning of the Social Security Act during the relevant time frame. *Id.* at 13. The Appeals Council denied Plaintiff's request for review, ECF No. 9-3, at 1; thus, the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "obesity, degenerative disc disease, status-post spinal cord stimulator implantation and adjustment, osteoarthritis of the pubic symphysis, a left anterosuperior labrum tear, lower extremity venous insufficiency, major depressive disorder, anxiety disorder and post-traumatic stress disorder." ECF No. 9-3, at 15. Plaintiff also alleged several other impairments, which the ALJ concluded were not severe. *Id.* at 15-16. Among these, Plaintiff alleged "complex regional pain syndrome/reflex sympathetic dystrophy" (CRPS) which the ALJ concluded was "not a severe impairment because other sources of pain were not ruled out." *Id.* at 15. Applying these findings,

*Tiffany M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-2284
September 12, 2022
Page: 2

the ALJ concluded that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." *Id.* at 16. Specifically, the ALJ concluded, among other things, that

> there is no evidence of anatomical abnormality of the major joint(s) of any extremity resulting in (A) chronic joint pain or stiffness; (B) abnormal motion, instability, or immobility of the affected joint(s); (C) anatomical abnormality of the affected joint(s) noted on physical examination; (D) and requisite functional abnormalities in the extremity(ies) per Listing 1.18.

*Id.* at 17. Had the ALJ concluded that the impairments equaled the severity of any of the listed impairments, Plaintiff would have been found to have a disability. ECF No. 9-3, at 14. Because the ALJ found that none of the impairments were sufficiently severe, the ALJ moved on to the next step of the analysis. *Id.* at 19. At step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant can only stand/walk two hours per eight-hour workday. She can occasionally operate foot controls bilaterally, climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant can never climb ladders, ropes, and scaffolds. She must elevate her feet above her heart for 5 minutes during her 15-minute work break in the morning and afternoon and for 5 minutes during her 30-minute lunch break. The claimant must avoid concentrated exposure to extreme cold, extreme heat, wetness, excessive vibration, hazardous moving machinery, and unprotected heights. She can only perform simple, routine, repetitive, low-stress (no strict production quotas, no assembly line pace work) work involving occasional interaction with supervisors, co-workers, and the general public. Changes in work duties must be introduced gradually.

*Id.* at 23. The ALJ determined that Plaintiff was unable to perform past relevant work as a corrections officer, school administrator, or special education assistant, but could perform other jobs that exist in significant numbers in the national economy. *Id.* at 16. Therefore, the ALJ determined that Plaintiff did not have a disability. *Id.* at 27.

## II. Plaintiff's Arguments on Appeal

Case 8:21-cv-02284-AAQ   Document 18   Filed 09/12/22   Page 3 of 8

*Tiffany M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-2284
September 12, 2022
Page: 3

Plaintiff raises several arguments on appeal; however, all of them stem from the ALJ's conclusion that Plaintiff did not suffer from a severe impairment of complex regional pain syndrome (CRPS).[1] ECF No. 15-1, at 20. CRPS is a condition that "typically follows an injury," and is characterized by various degrees of burning pain, excessive sweating, swelling, and sensitivity to touch. *Scott v. Eaton Corp. Long Term Disability Plan*, No. 10–2124, 2011 WL 5830749, at *2 (4th Cir. Nov. 21, 2011). Specifically, Plaintiff argues that the ALJ's conclusion that Plaintiff's CRPS did not constitute a severe impairment affected the entirety of the subsequent sequential analysis. ECF No. 15-1, at 20. The Commissioner provides no substantive response defending the merits of the ALJ's CRPS determination, but instead argues that the decision was harmless. ECF No. 16-1, at 15. As Plaintiff correctly points out, the effect of the determination was not limited to step two of the analysis, but subsequent parts of the sequential analysis, as well. ECF No. 15-1, at 25.

### A. The ALJ Failed to Properly Analyze Whether Plaintiff's Alleged CRPS Constitutes a Severe Impairment.

Pursuant to 20 C.F.R. § 402.35(b)(1), Social Security Rulings "are binding on all components of the Social Security Administration" and "represent precedent[al] final opinions and orders and statements of policy and interpretations" that the SSA has adopted. Although an ALJ does not have to cite to Social Security Rulings in their written decision, the ALJ's decision must be based upon application of the correct legal standards. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020).

Social Security Ruling 03-02p addresses how the Social Security Administration shall evaluate allegations of CRPS. SSR 03-02p (S.S.A.), 2003 WL 22399117 (Oct. 20, 2003). "SSR 03-02p notes that claims involving CRPS are adjudicated using the same sequential evaluation as all other claims," *Smith v. Berryhill*, No. 1:15-cv-00795-MAT, 2018 WL 936381, at *2 (W.D.N.Y. Feb. 18, 2018), but "requires careful consideration of certain factors unique to the condition." *Cooley v. Colvin*, No. 12-CV-1284 (NAM/VEB), 2013 WL 12224205, at *3 (N.D.N.Y. Oct. 15, 2013). As Plaintiff points out, "SSR 03-02 particularly notes that it is characteristic of CRPS for the degree of pain reported to be out of proportion to the severity of the physical injury." *Smith*, 2018 WL 936381, at *2. Specifically, regarding Plaintiff's arguments on appeal, the ruling provides that

> A diagnosis of RSDS/CRPS requires the presence of complaints of persistent, intense pain that results in impaired mobility of the affected region. The complaints of pain are associated with:

---

[1] CRPS is also referred to as "severe Asthma and Reflex Sympathetic Dystrophy" (RSD). *Houston v. Kirkland*, No.: GJH-15-2507, 2016 WL 7176580, at *6 (D. Md. Dec. 7, 2016). I will refer to the condition as CRPS, understanding that the names may be used interchangeably.

Case 8:21-cv-02284-AAQ   Document 18   Filed 09/12/22   Page 4 of 8

*Tiffany M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-2284
September 12, 2022
Page: 4

> • Swelling;
> • Autonomic instability—seen as changes in skin color or texture, changes in sweating (decreased or excessive sweating), skin temperature changes, or abnormal pilomotor erection (gooseflesh);
> • Abnormal hair or nail growth (growth can be either too slow or too fast);
> • Osteoporosis; or
> • Involuntary movements of the affected region of the initial injury.

2003 WL 22399117, at *2.

The ALJ, in this case, did not merely fail to cite SSA 03-02p, but applied a different analysis altogether. The totality of the ALJ's analysis of Plaintiff's alleged CRPS constituted a single line in which the ALJ dismissed the allegation because "other sources of pain were not ruled out." As Plaintiff highlights, the relevant question under SSA 03-02p is not whether Plaintiff has demonstrated that any pain is the result of CRPS alone. ECF No. 15-1, at 21. Rather, the relevant question is whether: 1) Plaintiff complains of persistent, intense pain; 2) it results in impaired mobility of the affected region; and 3) it is associated with swelling, automatic instability, abnormal hair or growth, osteoporosis, or involuntary movements. Plaintiff complained and presented evidence of intense pain. ECF No. 15-1, at 20-21, citing Tr. 894, 900, 906, 911, and 917. Once Plaintiff had satisfied the first element, the ALJ should have examined whether the pain was so severe that it impaired mobility and whether it was associated with one of the conditions in SSA 03-02p. The ALJ, in contrast, imposed an additional requirement that the pain be the result of solely CRPS, while failing to consider the other factors altogether.

Additionally, the ALJ's analysis was flawed because it focused exclusively on the objective question of the source of Plaintiff's complained of pain. As this Court has explained, "the hallmark of [CRPS] is pain, which requires some assessment of [the plaintiff's] subjective condition." *Timothy P. v. Comm'r, Soc. Sec. Admin.*, No. SAG–13–3645, 2014 WL 7460761, at *1 (Dec. 31, 2014); *see also id.* ("[G]iven the nature of [petitioner's] diagnosis, it is unclear what objective support the ALJ expected the physicians to marshal."). Although the Commissioner does not concede that the ALJ's analysis was flawed, it provides no substantive response to Plaintiff's critique. ECF No. 16-1, at 5.

Accordingly, I conclude the ALJ failed to use the correct legal standard when assessing whether Plaintiff's alleged CRPS constituted a severe impairment.

### B. The Effect of the Failure to Properly Analyze Plaintiff's Alleged CRPS Was Not Limited to Step Two.

Case 8:21-cv-02284-AAQ   Document 18   Filed 09/12/22   Page 5 of 8

*Tiffany M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-2284
September 12, 2022
Page: 5

The Commissioner argues that even if the ALJ's analysis of Plaintiff's alleged CRPS was flawed, "if the ALJ proceeds to discuss and consider the non-severe impairment at subsequent steps, there is no prejudice to the claimant."[2] ECF No. 16-1, at 6. The Commissioner's argument fails for two reasons. First, once the ALJ determined that the Plaintiff did not have a severe impairment of CRPS, the ALJ did not discuss the alleged affliction again.

Second, as Plaintiff highlights, the effect of the ALJ's CRPS determination impacted the ALJ's analysis at step three. ECF No. 15-1, at 25. This was significant as had the ALJ determined that one of the impairments or the combination of them equaled any one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1, Plaintiff would have prevailed on the ultimate question before the ALJ – did she have a disability.

SSA 03-02 provides that "an individual with RSDS/CRPS alone cannot be found to have an impairment that meets the requirements of a listed impairment. However, the specific findings in each case should be compared to any pertinent listing to determine whether medical equivalence may exist." 2003 WL 22399117, at *6. Listings describe each of the major body system impairments that the SSA "consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 416.925(a). "Listings 1.00 *et. seq.* through Listings 11.00, *et. seq.*, Listings 13.00 *et. seq.*, and Listings 14.00 *et. seq.*, pertain to physical impairments." *Manigo v. Commissioner*, No. SAG-15-1065, 2016 WL 778363, at *3 (D. Md. Feb. 26, 2016).

---

[2] The Commissioner also argues that any error is harmless where the ALJ found other severe impairments and proceeded through the sequential evaluation process. ECF No. 16-1, at 5. However, the cases on which the Commissioner relies were cases in which the ALJ actually considered the non-severe impairment, at issue, during later steps of the sequential process. *See Cleta S. v. Saul*, No. CBD-19-2906, 2020 WL 6565250, at *7 (D. Md. Nov. 9, 2020) ("After considering Plaintiff's severe and non-severe impairments, the ALJ, proceeded with the sequential evaluation process, and discussed Plaintiff's uveitis in length at step four of the sequential evaluation process, where he considered all of her impairments."); *Davis v. Commissioner*, No. SAG–12–0813, 2013 WL 1124589, at *1 ("the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non[-]severe, that significantly impacted Ms. Davis's ability to work."); *Todd Michael M. v. Commissioner*, No. ADC-19-382, 2020 WL 2319114, at *6 (May 11, 2020) ("In the ALJ's RFC finding, the ALJ thoroughly detailed Plaintiff's treatment history and mental examination results, noting the fluctuations Plaintiff experienced with his PTSD and depression"); *Richard William V. v. Commissioner*, No. ADC-18-3311, 2019 WL 4305734, at *5 (D. Md. Sep. 11, 2019) (citing only *Davis v. Commissioner* for the asserted proposition). To accept the Commissioner's argument would set a dangerous precedent. It would mean that so long as an ALJ found that a single impairment was severe, it could erroneously reach conclusions regarding several other impairments with the Court's approval. It seems unlikely that such an analysis would be harmless.

Here, at step three, the ALJ concluded that there was no evidence of "anatomical abnormality of the major joint(s) of any extremity resulting in (A) chronic joint pain or stiffness; (B) abnormal motion, instability, or immobility of the affected joint(s); (C) anatomical abnormality of the affected joint(s) noted on physical examination; (D) and requisite functional abnormalities in the extremity(ies) per Listing 1.18." ECF No. 9-3, at 17. Contrary to the ALJ's assertion that there was "no evidence," Plaintiff had presented evidence of chronic pain, instability and limited mobility in one of her lower extremities – each of which are also symptoms of CRPS. *See* ECF No. 15-1, at 27, citing Tr. 722 (noting chronic leg pain and weakness in the legs); Tr. 609, 709, 713, 717 (noting Plaintiff's antalgic gait); Tr. 941 (noting weakness, numbness and inability to bear weight on lower extremity); 2003 WL 22399117, at *2 (stating that CRPS is characterized by, among other things, chronic pain, impaired mobility and osteoporosis).

As further evidence of the impact of the ALJ's CRPS determination at step two, Plaintiff highlights the brevity of the ALJ's analysis as to whether Plaintiff's medical condition equaled that in Listing 1.18. As this Court has stated, "identification of a specific listing indicates that there is ample evidence that the claimant might meet the listing, the ALJ must therefore provide specific reasons, matching the evidence to the listing requirements, to find that the claimant does not meet the listing." *Kosisky v. Commissioner*, No. SAG-15-2403, 2016 WL 2588164, at *5 (D. Md. May 4, 2016). Accordingly, had the ALJ concluded that the Plaintiff suffered from CRPS, it may have more fully considered whether Plaintiff's asserted evidence of pain, instability and immobility equaled the relevant listing. Regardless of whether I find that such consideration would have yielded a different result at step three, the failure to properly consider Plaintiff's allegations of CRPS is not harmless error. *See Fox v. Colvin*, No. 14-2237, 632 Fed.Appx. 750, 2015 WL 9204287, at *4 (4th Cir. Dec. 17, 2015) (rejecting the notion that failure to engage in meaningful analysis at step three could constitute harmless error even where the evidence of record otherwise demonstrated that the claimant did not meet a listing.).

The Commissioner, in response, argues that pursuant to the U.S. District Court for the Western District of Michigan's decision in *Frankenfield v. Comm'r, Soc. Sec. Admin.*, 2020 WL 838085, *4 (W.D. Mich. Feb. 5, 2020), applying SSR 17-2p (S.S.A.), 2017 WL 3928306, (Mar. 27, 2017), "generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding." ECF No. 16-1, at 6. This Court has rejected the Commissioner's position on multiple occasions. *Marcy L. v. Saul*, No. DLB-19-3043, 2021 WL 1224053, at *2-4 (D. Md. Mar. 31, 2021) (finding the following analysis insufficient at step three: "I have considered listing 1.04 for [plaintiff's] cervical spine disorder. However, the cervical spine MRI and the physical examinations do not reveal findings that met or equaled listing 1.04 or any other listing."); *Lora C. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-1385, 2020 WL 2097681, at *2-4 (D. Md. May 1, 2020) ("The ALJ's step-three analysis of Listing 1.04A was inadequate under Fourth Circuit precedent" because it "did not include "any specific application of the pertinent legal requirements to the record evidence.") (internal quotation marks omitted); *Christina B. v. Comm'r Soc. Sec. Admin.*, No. DLB-18-3857, 2020 WL 902677, at *2-5

Case 8:21-cv-02284-AAQ   Document 18   Filed 09/12/22   Page 7 of 8

*Tiffany M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-2284
September 12, 2022
Page: 7

(D. Md. Feb. 25, 2020) (same). For example, in *Christina B. v. Comm'r Soc. Sec. Admin.*, the plaintiff argued on appeal "that the ALJ did not provide an adequate analysis of Listing 1.04A at step three". 2020 WL 902677, at *1. As in this case, the ALJ's analysis was similarly brief, simply stating that there was insufficient evidence to support a finding that the impairment was equal to the comparator listing. *Id.*, at *2 (quoting the ALJ: "[u]nder subsection 1.04, the evidence of record does not establish evidence resulting in compromise of a nerve root or the spinal cord, with evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)."). The Court remanded the case because "[i]n her step three analysis, the ALJ dismissed all three subsections of Listing 1.04 by naming the requirements of the three subsections and concluding, without more, that Plaintiff had not met the criteria." *Id.*, at *3-5.

This Court's decisions better accord with SSR 17-2p, which makes clear that a general statement by itself is not sufficient. Pursuant to SSR 17-2p, a general statement at step three is acceptable only because the "adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process . . . provide[s] rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step [three]." 2017 WL 3928306, at *4. In this case, the ALJ did not discuss Plaintiff's allegations of CRPS after step two; nor did the Court discuss Listing 1.18 at any point after step three. The Commissioner does not address this language in SSR 17-2p or cite to any reasoning in the ALJ's decision that would be sufficient to meet this requirement. It is not the role of the reviewing court to scrutinize the ALJ's decision to find any language that may be relevant to the ALJ's decision at step three. *Christina B.*, 2020 WL 902677, at *4 ("While the ALJ included some discussion of Plaintiff's treatment records regarding her lumbar spine, . . . the ALJ's opinion does not contain an assessment of the criteria set forth in Listing 1.04A. Fourth Circuit precedent does not permit this Court to engage in a broad review of the record evidence in the first instance."). Additionally, even if there is such language, it is unclear whether it would be sufficient. An ALJ's duty may not be "fulfilled by . . . discussion of medical evidence elsewhere in the decision, unless the evidence was directly connected to the requirements of a listing." *Id.*

To be clear, I make no determination as to whether Plaintiff's alleged CRPS is a severe impairment or if the evidence of such, in combination with evidence of other impairments, is equal to Listing 1.18. Likewise, because I remand due to the ALJ's inadequate analysis at steps two and three, I decline to decide whether the ALJ's decision consideration of the medical source evidence was proper. The ALJ may address each of these issues on remand.

### III.   CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 15, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 16, is DENIED. Pursuant to

Case 8:21-cv-02284-AAQ   Document 18   Filed 09/12/22   Page 8 of 8

*Tiffany M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-2284
September 12, 2022
Page: 8

sentence four of 42 U.S.C. § 405(g), the SSA's judgment is VACATED. This case is REMANDED for further proceedings in accordance with this opinion.

    Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly. An implementing order follows.

                                        Sincerely,

                                        /s/
                                        Ajmel A. Quereshi
                                        United States Magistrate Judge