UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

February 3, 2026

LETTER TO COUNSEL

**Re: *Tiffany M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*, Civil No. AAQ-21-2284**

Dear Counsel:

Pending before the Court is Plaintiff's Motion for Equal Access to Justice Act Fees, which has now been fully briefed.  ECF Nos. 20, 22, and 23.  Defendant, the Commissioner of the Social Security Administration, concedes that Plaintiff's counsel is entitled to an award of fees.  Additionally, Defendant does not challenge Plaintiff's counsel's requested rate.  Defendant's sole basis for challenging Plaintiff's counsel's request is whether the number of hours he has requested are reasonable.  For the reasons discussed below, Plaintiff's Motion is granted, in part, and denied, in part.

## I.       BACKGROUND

Plaintiff filed her claim for financial assistance on July 13, 2018, alleging a disability onset date of January 3, 2017.  ECF No. 9-3, at 13.  Plaintiff was issued an initial denial of disability insurance financial assistance on December 19, 2018, and her subsequent Request for Reconsideration was likewise denied.  *Id*.  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") which took place telephonically on March 3, 2021.  *Id*.  Following that hearing, the ALJ determined Plaintiff did not have a disability within the meaning of the Social Security Act during the relevant time frame.  *Id.*

On September 3, 2021, Tiffany M. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for disability insurance financial assistance under Title II of the Social Security Act.  ECF No. 1.  Plaintiff raised several arguments on appeal; however, all of them stem from the ALJ's failure to conclude that Plaintiff suffered from a severe impairment of complex regional pain syndrome (CRPS).[1]  ECF No. 15-1, at 22.  The Commissioner provided no substantive response defending the merits of the ALJ's CRPS determination, but instead argued that any error was harmless.  ECF No. 16-1, at 5–7.  On September 12, 2022, this Court issued a Memorandum Opinion and Order agreeing that the effect of the ALJ's error was not limited to Step 2 of the relevant analysis.  ECF No. 18, at 4–7.

---

[1] CRPS is also referred to as "severe Asthma and Reflex Sympathetic Dystrophy" (RSD).  *Houston v. Kirkland*, No. GJH-15-2507, 2016 WL 7176580, at *6 (D. Md. Dec. 7, 2016).  I will refer to the condition as CRPS, understanding that the names may be used interchangeably.

*Tiffany M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-2284
February 3, 2026
Page: 2

Accordingly, the Court vacated the ALJ's opinion and remanded the case for further proceedings consistent with the Opinion and Order.  ECF No. 19.

After this Court's decision remanding the case, Plaintiff moved for an award of attorney's fees.  ECF No. 20.  Attached to her Motion, Plaintiff included a listing of time entries for which Plaintiff's counsel seeks compensation.  ECF No. 20-3.  These included: 1) 18.75 hours for drafting the Statement of Facts associated with Plaintiff's Motion for Summary Judgment; 2) 10.75 for drafting the remaining portions of the brief and revising the brief, as a whole; 3) 7.75 hours for drafting and revising the Reply in Support of Summary Judgment; 4) 1.0 hour for drafting the Fee Petition; and 5) 3.62 hours for various miscellaneous tasks.  *Id.* at 1–3; ECF No. 23, at 3. Altogether, according to his time entries, Plaintiff's counsel devoted 41.87 hours to the case.  *Id.* Plaintiff's counsel, on his own accord, sought payment for only 40 hours.  ECF No. 23, at 3. Additionally, Plaintiff's counsel decided not to seek compensation for the 5.7 hours his paralegal worked.  *Id.*

Defendant filed a timely Opposition, challenging whether Plaintiff's counsel was entitled to recoup fees for all of the hours requested.  *See* ECF No. 22, at 1 ("[T]he Commissioner respectfully requests a reduction in fees to exclude those hours that were not reasonably expended and are not properly billable.").  Defendant specifically raised concern regarding the number of hours Plaintiff's counsel devoted towards drafting the statement of facts in the opening Motion and the Petition for Fees.  *Id.* at 5–7.  Defendant also highlighted that this Court has previously critiqued Plaintiff's counsel's fee petitions, particularly when he has submitted petitions using block billing or records that were not contemporaneously entered.  *Id.* at 6.

Plaintiff's counsel filed a timely Reply, emphasizing the complicated and extensive nature of the medical records in the case, as well as the fact that the total number of hours for which he seeks payment are reasonable.  ECF No. 23, at 3-6.  In addition to the hours previously requested, Plaintiff's counsel requested compensation for an additional 4.75 hours he spent drafting the Reply.  *Id.* at 13.

## II.    STANDARD OF REVIEW

Pursuant to the Equal Access to Justice Act ("EAJA"), a prevailing party in a civil action against the United States is entitled to an award of attorney's fees and expenses, unless the government's position was substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). However, to receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees for approval.  28 U.S.C. § 2412(d)(1)(B).

Once a plaintiff has met the threshold conditions for an award of fees and costs, the court must "determin[e] what fee is reasonable."  *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002)

*Tiffany M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-2284
February 3, 2026
Page: 3

(quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)).  In addition to "submit[ting] evidence supporting the hours worked," counsel should exercise "billing judgment" when determining how may hours to seek payment for.  *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)).

"Once a fee request is submitted, it becomes the responsibility of the party challenging the request to articulate the areas where an award would be inappropriate." *Barnes v. NCC Bus. Servs., LLC*, No. PJM-18-1473, 2019 WL 4141012, at *2 (D. Md. Aug. 30, 2019). "[T]he Court will not review any challenged entry in the bill unless the challenging party has identified it specifically and given an adequate explanation for the basis of the challenge." *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, No. MJG-95-309, 2002 WL 31777631, at *10 (D. Md. Nov. 21, 2002).  The reviewing court has "substantial discretion in fixing the amount of an EAJA award," with the ultimate goal of ensuring that the final award is reasonable.  *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

## III.    ANALYSIS

As discussed, Defendant challenges only the number of hours Plaintiff's counsel has worked, not that he is entitled to fees or the hourly rate he has charged.  Defendant specifically objects to: 1) the number of hours that Plaintiff's counsel devoted to drafting the Statement of Facts in the initial Motion for Summary Judgment; and 2) the one hour Plaintiff's counsel devoted to drafting the initial Petition for EAJA fees.[2]  ECF No. 22, at 3–5.  As context, Defendant highlights that this Court has previously faulted Plaintiff's counsel for some of his billing practices. *Id.* at 6.

Given the extensive nature of the medical records in the case, Plaintiff's counsel reasonably expended a longer than normal amount of time reviewing the medical records and composing the Statement of Facts in the opening brief.  As Defendant concedes, the "large" record in this case was "greater than average." ECF No. 22, at 5; *id.* at 4.  Plaintiff's recitation of facts served several purposes, most importantly: 1) it highlighted the impact of the ALJ's error at step 2 on the remaining portions of the analysis, given Plaintiff's extensive history of pain and pain management; and 2) it assisted the Court in its review of the record.  *See* ECF No. 18, at 6 (explaining that "[c]ontrary to the ALJ's assertion that there was 'no evidence,' Plaintiff had presented evidence of chronic pain, instability and limited mobility in one of her lower extremities – each of which are also symptoms of CRPS"); *id.* at 6 (reasoning that "had the ALJ concluded that the Plaintiff suffered from CRPS, it may have more fully considered whether Plaintiff's

---

[2] Defendant, in passing, also notes that Plaintiff's counsel includes numerous billing entries for non-compensable time.  ECF No. 22, at 4.  However, as Plaintiff's counsel highlights in the Reply, although he attached the complete billing records to the Petition, he did not seek fees for the non-compensable time his paralegal worked on the case.  ECF No. 23, at 3.

asserted evidence of pain, instability and immobility equaled the relevant listing"); ECF No. 15-1, at 4–22 (recounting Plaintiff's extensive history of pain and pain management and the evidence she presented thereof to the ALJ). This was particularly important given the Commissioner's primary response was that any error the ALJ may have made as to analyzing Plaintiff's CRPS was not prejudicial because of the ALJ's extensive review of the medical record. *See* ECF No. 16-1, at 5–6 (arguing that any error was harmless because the "ALJ evaluated three years' worth of medical evidence documenting Ms. Mason's treatment for her medical conditions, including CRPS/RSD"). Accordingly, rather than being extraneous, Plaintiff's review of the medical record was an important part of her argument. Several of the cases on which Defendant relies are distinguishable in that they involved smaller records or a thorough review of the records was not as important to highlighting the impact of the ALJ's alleged error. *See Duane H. v. Comm'r, Soc. Sec. Admin.*, No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022) ("The arguments presented here are those frequently made by appellants in these matters and the size of the appellate record is small, making it less time consuming to apply the well-known legal standards to the particular facts of this case."); *Larry W. v. Soc. Sec. Admin.*, No. SAG-19-3089, 2021 WL 2685364, at *2 (D. Md. June 30, 2021) ("The arguments presented here are those frequently made by appellants in these matters and the size of the appellate record is small to moderate, making it less time consuming to apply the well-known legal standards to the particular facts of this case."); *Sloan v. Colvin*, No. 5:12–CV–388–D, 2013 WL 5674989, at *1 (E.D.N.C. Oct. 7, 2013) ("This case did not involve any novel issues of law or abnormally complex factual circumstances . . .").

Nonetheless, Plaintiff's counsel could have worked more efficiently. According to Plaintiff's counsel's billing records, he began drafting the Statement of Facts before having conducted research on CRPS. *See* ECF No. 20-3, at 1. Had Plaintiff's counsel done the necessary research in advance, he could have streamlined his review of the records and his recitation of the facts to more tightly accord with the relevant legal question. Likewise, while Social Security cases are often intensely factual, it is somewhat unusual to devote nearly double the time drafting the Statement of Facts as compared with the amount of time spent drafting the remaining portions of the brief and revising the brief as a whole. *See Ellen C. v. Kijakazi*, No. 22-1698-SAG, 2023 WL 4490457, at *2–3 (D. Md. July 12, 2023) (reducing the compensable time for drafting the statement of facts in plaintiff's opening motion to 6.75 hours and awarding 6.75 hours for drafting the entirety of the reply). Accordingly, the Court shall reduce the number of hours devoted to drafting the statement of facts by one-third to 12.5 hours. This more appropriately accords with the 10.75 hours Plaintiff's counsel spent drafting the remaining portions of the brief, while respecting the fact-intensive nature of this case. For similar reasons, the Court shall award 0.5 hour, as opposed to 1 hour, for the preparation of the Fee Petition. The Memorandum in Support is a standard, pro-forma motion without any discussion of the case in particular. *See* ECF No. 20-1.

Including the four additional hours that Plaintiff devoted to drafting the Reply in Support of the Fee Petition, the Court shall order compensation for a total of 38 hours. This award accords with the well-accepted range for attorney's fees in Social Security cases. *See Coreen I.T. v.*

*Tiffany M. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. AAQ-21-2284
February 3, 2026
Page: 5

*Comm'r, Soc. Sec. Admin.*, No. PJM-17-2260, 2019 WL 244586, at *2 (D. Md. Jan. 17, 2019) ("Courts within this circuit have held, and I agree, that in typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours."); *Watkins v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-602, 2017 WL 1185190, at *2 (D. Md. Mar. 28, 2017) (same); *Patton v. Colvin*, No. TMD 14-1369, 2016 WL 7228873, at *1 (D. Md. Dec. 14, 2016) (same); *Roth v. Comm'r, Soc. Sec. Admin.*, No. SAG–14–62, 2015 WL 567168, at *3 (D. Md. Feb. 10, 2015) (same).

## IV.    CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's Motion for Equal Access to Justice Act Fees shall be granted, in part, and denied, in part.  The Court shall award Plaintiff's counsel fees for 38 hours at a rate of $230.60 for a total award of $8,762.80, as well as $402.00 in costs.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly.  An implementing order follows.

Sincerely,

/s/
Ajmel A. Qureshi
United States Magistrate Judge